Thomson, J.,
delivered the opinion of the court.
Frank M. Smith brought his action in the court below against William H. Faust and Mahlon Faust, partners under the firm name and style of the Faust Lumber Company. A writ of attachment was issued in the case, under and in pursuance of which certain moneys due the copartnership were garnished. The cause of action stated in the complaint is an indebtedness from William H. Faust for medical services rendered and medicines furnished to him by the plaintiff, and at his special instance and request, and an indebtedness from Mahlon Faust for medical services rendered and medicines furnished to him by plaintiff, and at his special instance and request. The defendants demurred to the complaint, for the following among other reasons: First, that the complaint did not state facts sufficient to constitute a cause of action; and, second, that several causes of action were improperly united in the complaint. The demurrer was overruled, and judg *506 ment given against each defendant for the amount of plaintiff’s claim against him. The defendants bring the case here by writ of error.
The plaintiff’s theory of his case is not obvious. Whether it was intended as a suit against the copartnership, or as a suit against the individual defendants, does not very clearly appear from the record. The cause is entitled against the firm. The summons is directed to the copartnership by its firm name, and the writ of attachment commands the sheriff to attach the property of .the firm, while the complaint alleges a distinct and independent indebtedness against each, member of the firm. If we consider this as a suit against the firm, then no cause of action is stated in the complaint, because the indebtedness it sets forth is not a partnership indebtedness. If, on the other hand, we regard it as a suit against the individual defendants, then severaTcauses of action are improperly united. Section 70 of the Civil Code permits certain causes of action to be united in a complaint, but they must affect the parties in the same character and capacity. Here a claim is made against each defendant, with which the other has no connection, direct or remote, and by which he is not affected in any character or capacity. In either view of the case, the demurrer should have been sustained, and because it was overruled the judgment must be reversed.

Reversed.